LARRY G. ANDERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Anderson v. Commissioner
Docket No. 10617-81.
United States Tax Court
T.C. Memo 1982-475; 1982 Tax Ct. Memo LEXIS 268; 44 T.C.M. (CCH) 874; T.C.M. (RIA) 82475; August 17, 1982. Larry G. Anderson, pro se. Debre P. Katz, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654 [1]
1977
None
None
$45.27
$32.17
1978
$824.26
$206.06
200.33
88.09
*269 In his notice of deficiency dated February 18, 1981, respondent also determined overassessments of tax and the addition to tax under section 6651(a) for 1977 in the amounts of $11.72 and $2.93, respectively. Most of the issues raised in the pleadings have been settled by the parties and can be given effect in the Rule 155 computation. Only two minor issues remain for decision: (1) whether petitioner is entitled to deduct travel and entertainment expenses for 1978 in excess of the amount allowed by respondent and (2) whether he is entitled to a claimed "office supply" deduction, covering refreshments, food and beverages, in each of the years 1977 and 1978. To facilitate the disposition of these issues our findings of fact and opinion will be combined. Some of the facts have been stipulated and are so found. Larry G. Anderson (petitioner) was a resident of Colorado, when he filed his petition in this case. He filed Federal income tax returns for 1977 and 1978 on September 28, 1979 and December 20, 1979, respectively. During the years in issue the petitioner was self-employed as an independent contractor, who served as a wholesale distributor of Shaklee products. Shaklee's *270 distributors are engaged in direct selling of high quality nutritional items and personal and household products. Petitioner claimed $518.76 on his tax return for 1978 as a travel and entertainment expense deduction. In his petition he claimed an additional $828.05.After a review of the petitioner's record before trial, respondent allowed $755 of the claimed expenses. After a review of the evidence offered by petitioner at trial, respondent has conceded that petitioner should be allowed an additional $162.57. Based on our consideration of the petitioner's log, credit card receipts and his oral testimony, we are satisfied that the petitioner has substantiated additional travel and entertainment expenses of $240.13 which are deductible under sections 162 and 274. Therefore, we hold that he is entitled to a total travel and entertainment expense deduction of $1,157.70 for the year 1978. Petitioner claims that he is entitled to an "office supply" deduction of $520 in each of the years 1977 and 1978. This is a euphemism for entertainment type expenditures that include refreshments, food and beverages furnished by petitioner to various supervisors and coordinators for Shaklee *271 products. These expenditures were not claimed on petitioner's Federal income tax returns, but they were alleged in his petition. Petitioner offered no records or receipts for any of these claimed expenditures. The $520 amount for each year was merely an estimate by petitioner of $10 per week for such expenses. Petitioner has failed to provide the substantiation necessary to meet the requirements of section 274 and section 1.274-5, Income Tax Regs. We hold for respondent on this issue. To reflect the agreement of the parties on the settled issues and our conclusions with respect to the disputed ones, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise indicated.↩